BARCLAY v. BARCLAY.　(No. 5789.)

(Supreme Court, Appellate Division, First Department.　May 15, 1914.)

PLEADING (§ 364*)—MOTION TO STRIKE—COMPLAINT—EVIDENTIARY MATTER.

　　The action was to recover profits to which plaintiff claims to be entitled under a partnership agreement between her testator and defendant, which provided that upon the death of either party the survivor should have the exclusive right to use the half interest of the deceased partner, and the good will and firm name, etc., upon condition that the survivor pay to the legal representative of the deceased partner, for the use of such half interest, an amount equal to 27½ per cent. of the annual net profits of the business until partner B. should cease to be a member of the firm, in which event, 33⅓ per cent. instead of 27½ per cent. of the profits should be paid. The complaint alleged that 27½ per cent. was paid under the agreement until December 31, 1908, and that B. was to continue as a partner until December 31, 1912, but in fact terminated his connection with the firm long before that date, but on a date not definitely known by plaintiff, and she seeks to recover the difference between 27½ per cent. of the profits and the 33⅓ per cent. payable to her when B. ceased to be a member, for a period from April 1, 1909, to December 31, 1912. The complaint contained further allegations which are sought to be stricken, consisting of a recital of facts to show why plaintiff cannot give the exact date of the termination of B.'s connection with the firm, and that defendant purposely concealed such date, and, in order to show the difficulty in fixing the date when the partnership with B. was dissolved, alleged defendant's efforts to terminate the partnership with him as of April 1, 1909, and the litigation which followed, as well as facts relating to a settlement between B. and defendant. Held, that the allegations sought to be stricken were subject to a motion to strike under Code Civ. Proc. § 545, as evidentiary facts; the only ultimate facts which the complaint must allege being that upon information and belief the copartnership had ceased to exist long prior to December 31, 1912, the exact date of the termination of which not being known to plaintiff.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

Appeal from Special Term, New York County.

Action by Clara S. Barclay, as trustee under the last will and testament of William O. Barclay, deceased, against Reginal G. Barclay. From an order denying a motion to strike parts of the complaint, defendant appeals.　Order reversed and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Chester A. Jayne, of New York City, for appellant.

R. H. Overbaugh, of New York City, for respondent.

DOWLING, J.　This action is brought to recover the amount of the profits to which the plaintiff claims to be entitled under a certain

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

instrument in writing, made between her testator and the defendant on August 1, 1900, by which, among other things, it was provided that upon the death of either of the parties the survivor should have the exclusive right to use the half interest of the deceased partner in the good will and firm name of Barclay & Co., and in all trade-marks, copyrights, labels, etc., upon condition that the survivor should pay the legal representative of the deceased partner, each year, as rental for the use of such half interest, a sum equal to 27½ per cent. of the annual net profits of the business of Barclay & Co., until such time as Alexander Barrie should cease to be a member of said firm, upon the happening of which contingency the rental should be 33⅓ per cent. instead of said 27½ per cent. of the profits of the firm. The complaint sets forth that said 27½ per cent. was duly paid to the plaintiff under the terms of the agreement until December 31, 1908. The agreement of partnership, by its terms, was made subject to terminable copartnership articles theretofore made between the same parties and Alexander Barrie. By said last-named articles the copartnership with Barrie was to continue until December 31, 1912.

It is the contention of the plaintiff that, as a matter of fact, said copartnership with Barrie terminated a long time prior to December 31, 1912, but that the exact date of such termination is unknown to her, and she seeks to recover by this action the difference between the 27½ per cent. of the profits payable to her while Barrie remained a member of the firm, and the 33⅓ per cent. of the profits payable to her when Barrie ceased to be a member of the firm, for the period from April 1, 1909, to December 31, 1912, amounting to $58,000. The matter contained in the complaint to which objection is made consists of a recital of facts which apparently she sets forth in order to show why she is unable to give the exact date of the termination of the partnership with Barrie, and to demonstrate that the defendant and said Barrie, when they adjusted and settled their business affairs in connection with said copartnership, and dissolved the same, purposely suppressed and failed to disclose the date as of which their settlement was made, so that it might appear that the partnership with Barrie continued in existence down to its expiration by lapse of time, although in fact under their settlement it was terminated as of an earlier date, as shown by the amount of profits which Barrie received upon such settlement. In order to demonstrate the difficulty which she has had in fixing the date when such partnership was actually dissolved, she has alleged the facts as to the effort of the defendant to terminate said partnership with Barrie as of April 1, 1909, and the litigation which followed to determine the defendant's right to give such notice of termination. She has also set forth various facts relative to the settlement between Barrie and the defendant. None of these allegations has any place in the complaint. They are all evidentiary facts, and the proper subject of a motion to strike out pursuant to provisions of section 545, Code of Civil Procedure. The ultimate fact, and the sole fact, which plaintiff is required to set forth in her complaint, is that Alexander Barrie ceased to be a member of the firm of Barclay & Co. at some time prior to December 31, 1912, and when she is unable, for any reason, to state the exact date of such termination, she

is simply required to allege, as she has in the parts of the pleading to which no exception is taken—

"upon information and belief that said copartnership ceased to exist a long time prior to December 31, 1912, the exact date of termination not being known to this plaintiff."

There is also another allegation that:

"By the terms of the copartnership agreement between the defendant and said Barrie, said copartnership would have continued to December 31, 1912, but actually was terminated long prior to that date."

With these averments in the complaint, she is fully protected in her right to make proof of the date when in fact Barrie retired from the firm. The rest of the matter pleaded has no proper place in the complaint, and the order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion to strike out the remaining part of the complaint objected to, and indicated in italics in the complaint as printed in the case on appeal, will be granted, with $10 costs. All concur.